Allison Lurton
Gretchen Lowe
1155 21st Street, N.W.
Washington, D.C.  20581
(202) 418-5348 (Lurton)
202-418-5379 (Lowe)
202-418-5538 (fax)

Attorneys for Plaintiff Commodity Futures Trading Commission

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Commodity Futures Trading Commission,** | ) Case No.05-CV-2142- PJH |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **Consent Order of  Preliminary Injunction** |
| | ) **and Other Equitable Relief** |
| | ) |
| | ) |
| **Robert Joseph Beasley and Longboat Global** | ) **Hon. Phyllis J. Hamilton** |
| **Funds Management, LLC,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |

## I.  INTRODUCTION

Defendants Robert Joseph Beasley and Longboat Global Funds Management, LLC, without admitting or denying the allegations of the Complaint, for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that this consent is entered into voluntarily and that no promise or threat has been made by the Plaintiff, the Commodity Futures Trading Commission ("CFTC"), or any member, officer, agent or representative thereof, to induce Defendants to consent to this Order.

## II.     DEFINITIONS

A.      The term "Beasley," as employed herein, shall mean Defendant Robert Joseph Beasley.

B.      The term "Longboat," as employed herein, shall mean Defendant Longboat Global Funds Management, LLC strictly in its capacity as General Partner to Piranha Capital, L.P. and not any other entity for which Longboat serves as a General Partner.

C.      The term "Defendants," as employed herein, shall mean Longboat and Beasley, collectively.

D.      The term "Piranha," as employed herein, shall mean Piranha Capital, L.P.

E.      The term "Receiver," as employed herein, shall mean the person or entity appointed as the agent of this Court to act as Receiver for Longboat with regard to Piranha.

## III. FINDINGS

### THE PARTIES AGREE AND THE COURT FINDS THAT:

A.      This Court has jurisdiction over Defendants and the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. § 13a-1 (2002), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage, in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

B.      Venue properly lies with this Court pursuant to Section 6c of the Act, in that Defendants are found, inhabit or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

C.      Defendants enter their appearance and acknowledge receipt of the Summons and Complaint.

Consent Order or Preliminary Injunction- C-05-02142 PJH 1

D.     Defendants waive the entry of findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 in connection the entry of this Order.

## IV.  RELIEF GRANTED

**A.**     *Prohibitions and Restrictions*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that Defendants and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from:

1.  while acting as a Commodity Pool Operator ("CPO") as defined by Section 1a(5) of the Act, or as an Associated Person ("AP") of a CPO, employing a device, scheme or artifice to defraud participants or prospective participants by use of the mails or any means or instrumentality of interstate commerce directly or indirectly, all in violation of Section 4o(1)(A) of the Act, 7 U.S.C. §6o(1)(A) (2002);

2.  while acting as a CPO, or an AP of a CPO, engaging in a transaction, practice or course of business which operates as a fraud or deceit upon participants or prospective participants by use of the mails or any means or instrumentality of interstate commerce directly or indirectly, all in violation of Section 4o(1)(B) of the Act, 7 U.S.C. § 6o(1)(B) (2002);

3.  soliciting or accepting funds from prospective and current investors for the purpose of trading in commodity futures contracts or options on commodity futures contracts;

4.  trading commodity futures contracts or options on futures contracts for themselves or for clients;

5.  directly or indirectly offering to enter into, entering into, executing, confirming the execution of, or conducting an office or business in the United States for the purpose of

soliciting, accepting any order for, or otherwise dealing in transactions in, or in connection with, a contract for the purchase or sale of a commodity for future delivery or option on said contract.

**B.**     ***Disposition of Longboat's Assets***

   **THE PARTIES AGREE AND IT IS HEREBY ORDERED** that except as otherwise ordered by this Court, Longboat, solely with respect to assets it holds, manages, or controls on behalf of Piranha, is restrained and enjoined from directly or indirectly:

  1. transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including assets held in corporate or partnership accounts in which Longboat has an interest, and assets held outside the United States, except as otherwise ordered by the Court;

  2. opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, Longboat.

**C.**     ***Disposition of Beasley's Assets***

   **THE COURT FINDS, THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

  1. On or about June 30, 2005, Beasley created documents purporting to cause the Lewis & Clark Capital, LLC Notes (the "LCC Notes") held by Piranha to be securitized against the BW Ranchland LLC ("BWR") property (the "BWR Property"), located in Flathead County, Montana which is the subject of a contract of sale between BWR and BEC Properties & Holdings, LLC (the "BEC sale"), which is scheduled to close on or about August 31, 2005 for approximately $6.9 million.

2.      If the BEC sale is not completed within 30 days of August 31, 2005 and the receiver, based on independent appraisals by competent appraisers determines that the value of the security interests in the BWR Property does not equal or exceeds the balance due on the LCC note or that the security interest in the BWR Property is not valid and enforceable, and Beasley does not cure any defects within 14 days  of the receipt of notice in writing of those defects , Beasley, either personally or through one or more entities controlled by him, shall cause a security interest to be granted to Piranha in other property interests owned by Beasley or any entity controlled by Beasley in an amount that the Receiver determines to be sufficient when considered with the value of the security interest in the BWR Property to secure the full amount of the unpaid balance of the LCC notes to be granted to Piranha.

3.      Paragraphs 1 and 2 of this section are premised upon Beasley's representations in his Financial Disclosure Statement dated May 16, 2005 regarding his financial condition.  If at any time following the entry of this Order, the CFTC obtains information indicating that Beasley's representations concerning his financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time the representations were made, the Commission may move this Court for an order requiring Beasley to pay funds or transfer assets or direct the forfeiture of assets to satisfy the LCC notes held by Piranha.

**D.**      ***Appointment of a Receiver***

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that Robb, Evans and Associates, LLC, located at 11450 Sheldon Street, Sun Valley, California 91352, shall be appointed as temporary Receiver for Longboat and any affiliates or subsidiaries of defendants

Consent Order or Preliminary Injunction- C-05-02142 PJH 4

Longboat solely with respect to matters involving Piranha, and except as limited by this Order, shall have the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.    Assume full control of Longboat, with regard to its position and duties as general partner of Piranha, by removing any officer, independent contractor, employee, or agent of the defendants, from control and management of the affairs of Longboat;

B.    Take exclusive custody, control, and possession of all the funds, property, mail, documents, books, records and other assets of, in the possession of, or under the control of Longboat, that relate to Piranha, wherever situated, including but not limited to materials located in Florida and Montana and with agents or bailees of Longboat or Piranha. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, documents, books, records, work papers, and records of accounts, including computer-maintained information, and other papers of the defendants relating to Piranha, including documents related to customers, clients or limited partners of Piranha whose interests are now held by or under the direction, possession, custody or control of Longboat. Longboat and Beasley shall be entitled to

1) obtain copies of any and all such records relating to Piranha from the receiver upon request at Beasley's or Longboat's expense and

2) keep original documents of any and all such documents in the possession, custody or control of Longboat that do not relate to Piranha.

C.      Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

D.      Prevent the withdrawal or misapplication of funds entrusted to Longboat by Piranha, and otherwise protect the interests of customers, clients or limited partners of Piranha;

E.      Manage and administer all aspects of Longboat relating to Piranha by performing all acts incidental thereto that the receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

F.      Collect all money owed to Longboat arising out of its position as General Partner of Piranha;

G.      Except as provided herein and in paragraph L of this section, initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Longboat relating to Piranha or to carry out his or her duties pursuant to this Order; provided, however, that in connection with any of the actions referred to above, the receiver shall not confess judgment or otherwise admit liability with respect to any alleged misconduct in any state or federal action to which Beasley is, or could be made, a party without approval of the Court on a motion filed with proper notice to Beasley;

H.      Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

I.     Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

J.     Open one or more bank accounts as designated depositories for funds of Longboat. The Receiver shall deposit all funds of Longboat in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

K.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Longboat prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of Longboat.

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that the Receiver:

L.     Is precluded from initiating litigation against Defendant Beasley based solely upon the facts relating to the allegations contained in the Complaint and known to the parties at the time they enter this consent Order. The Receiver is not precluded from initiating litigation against any other party or against Defendant Beasley based upon facts determined or discovered after the date of this Order.

**E.**     _**Receiver's Compensation**_

    **THE PARTIES AGREE AND IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by Longboat.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.   The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**F.**     _**Maintenance of and Access to Business Records**_

    **THE PARTIES AGREE AND IT IS HEREBY ORDERED** that Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants.

**G.**     _**Inspection and Copying of Books and Records**_

    **THE PARTIES AGREE AND IT IS HEREBY ORDERED** that representatives of the CFTC be immediately allowed to inspect the books, records, and other documents of Defendants relating to Piranha, including those held by Defendants' agents, attorneys (to the extent such inspection does not violate the attorney-client or work product privileges), partners, servants, representatives, employees, any person(s) acting or purporting to act for or on their behalf, and corporate and partnership entities in which Defendants have an interest, including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be

situated and whether they are with Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

**H.**   *Directives to Financial Institutions and Others*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since January 1, 2001, has held, controlled, managed or maintained custody of any account or asset owned by, in the name or for the benefit of Piranha shall:

1.   Prohibit Longboat and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

2.   Deny Longboat and all other persons access to any safe deposit box that is:

a.   titled in the name of Piranha either individually or jointly with Longboat; or

b.   otherwise subject to access by Longboat.

3.   Provide counsel for the CFTC, within five (5) business days of receiving a copy of this Order, a statement setting forth:

a.   the identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, Piranha;

b.   the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the

account, and the name of the person or entity to whom such account or other asset was remitted; and

c.  the identification of any safe deposit box that is either titled in the name of Piranha or jointly with ,Longboat or is otherwise subject to access by Longboat;

4.  Upon request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V.

**IT IS FURTHER ORDERED** that, as soon as practicable after service of this Order upon them, Defendants and any other person or entity service with a copy of this Order, shall deliver to the Receiver:

A.  Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of Longboat and Piranha;

B.  Possession and custody of documents of Longboat and Piranha, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C,  Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on behalf of Piranha, Longboat or on behalf of Longboat customers;

D.      All keys, computer passwords, entry codes, and combination locks necessary to gain access or to secure access to any of the assets or documents of Piranha and Longboat, including by not limited to, means of communications, account, computer systems, or other property; and

E.      Information identifying the accounts, employees, properties or other assets or obligations of Longboat and Piranha.

## VI.

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants, and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, Longboat, Piranha, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A.      Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B.      Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Longboat, Piranha or any property claimed by Longboat or Piranha, or attempting to foreclose, forfeit, alter or terminate any of Longboat's or Piranha's interest in property, whether such acts are part of a judicial proceeding or otherwise;

C.      Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Longboat, Piranha or the Receiver, or any agent of the Receiver;

and

D.      Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Longboat and Piranha.

This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VII.  FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**Dated: August** 19 **2005**

**IT IS SO ORDERED**.

_____
Hon. Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE

Consented to and
Approved for entry by:

GARDNER CARTON & DOUGLAS LLP
/s/ David W. Porteous
David W. Porteous
Attorney for Defendants
Robert Joseph Beasley
Longboat Global Funds Management, LLC

Counsel for the Plaintiff:

/s/ Allison P. Lurton
Allison Lurton, Esq.
Commodity Futures Trading Commission
Division of Enforcement