United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

ROBERT JOSEPH BEASLEY, et al.,

    Defendants.

No. C 05-2142 PJH

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**

Before this court is defendants Beasley and Longboat Global Funds Management LLC's motion to dismiss or, in the alternative, motion for more definite statement.[1] Having read the papers and carefully considered the relevant legal authority, the court hereby DENIES plaintiff's motion to dismiss and GRANTS the defendants' motion for more definite statement, for the reasons that follow.[2]

## BACKGROUND

This is a case involving violations of the anti-fraud provisions of the Commodities Exchange Act, 7 U.S.C. §6o(1)(A) and (B) ("the Act"). The Commodities Futures Trading Commission ("the Commission") claims that defendant Longboat Global Funds Management LLP ("Longboat"), through the acts of its CEO, defendant Robert Beasley, have defrauded their investors in a fund known as "Piranha" by, among other things, falsely stating in Annual Reports that the promissory notes in which they invested were secured against real property

---

[1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

[2] The court finds this motion appropriate for decision without oral argument as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the September 14, 2005 hearing date is hereby VACATED.

when they were not.

Defendants move to dismiss the complaint for failure to comply with Rule 9's heightened pleading requirements for fraud, or, in the alternative, move to dismiss under Fed. R. Civ. P. 12(e) for lack of definite statement due to the plaintiff's failure to comply with Rule 8.

## DISCUSSION

A.  Legal Standards

1.  Rule 9(b)

Fed. R. Civ. P. 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  To meet this standard, the pleading must provide "the who, what, when, where, and how of the misconduct charged . . . . The plaintiff must set forth what is false or misleading about a statement and why it is false."  Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted).  The court may dismiss the complaint for failure to comply with Rule 9(b).  Id. at 1107-08.

2.  Rule 8 and Rule 12(e)

Fed. R. Civ. P. 8(a) requires that every complaint contain "a short and plain statement" of the allegations at issue.  See also, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).

Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement if the pleading to which the party must respond "is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading."  Motions for more definite statements are disfavored in light of the liberal pleading standards of Rule 8, and should not be granted unless the moving party "literally cannot frame a responsive pleading."  Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).

B.  Rule 9(b)

The motion to dismiss under Rule 9(b) is DENIED.  While it is true that Rule 9(b) creates heightened standards of pleading for fraud-related claims, the complaint in this case

provides adequate information about the factual basis for the claims for the defendants to prepare their response.  The Commission is correct that many of the issues raised by defendants go not to the sufficiency of the pleadings but rather, the factual merits of the case, which are not appropriately adjudicated on a motion to dismiss.  The complaint adequately alleges all the elements of a fraud claim.

The Commission is also correct that Rule 9(b) specifically states that scienter "may be averred generally" for the purposes of a fraud claim.  The cases cited by the defendants relate not to general fraud claims but rather, to securities fraud cases under the Private Securities Litigation Reform Act, which requires that both fraud and scienter be pled with specificity in the context of cases arising under the 1934 Securities Act.  See, e.g., In re Read-Rite Corp., 335 F.3d 843, 846 (9th Cir. 2003).  Because this case does not arise under the 1934 Securities Act, scienter need only be pled in conformity with the requirements of Rule 9(b).

C. Rule 8 and Rule 12(e)

However, the defendants are correct that the complaint as currently drafted requires the defendants to guess as to which allegations apply to which elements of which causes of action.  Cf. In re GlenFed Inc. Sec. Litig., 42 F.3d 1541, 1544 (9th Cir. 1994) ("A complaint is not a puzzle"); In re Autodesk Inc. Sec. Litig., 132 F.Supp. 2d 833, 841 (N.D. Cal. 2000) (discouraging pleadings where plaintiff does not specifically set forth the factual basis of specific legal allegations).  Thus, while the complaint easily meets the standards of Rule 8's "short and plain statement," it is nonetheless confusing to read.

The court therefore GRANTS the motion for more definite statement under Rule 12(e).  Plaintiff shall file an amended complaint that, much as its opposition brief does, specifically sets forth in a logical order the facts supporting the allegations of fraud at issue in this case (namely, whether plaintiff claims that defendants defrauded investors in all transactions or only the transactions concerning Beasley-related entities), explains which of defendants' statements are alleged to be false, and clarifies which factual allegations correspond with which elements of the claims at issue.

3

Plaintiff shall file an amended complaint no later than October 3, 2005. This order fully adjudicates the matter listed at no. 23 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: September 6, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge