**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

    v.

ROBERT JOSEPH BEASLEY, et al.,

    Defendants.
_____/

No. C 05-2142 PJH

**ORDER DENYING MOTION
TO DISMISS AND MOTION
TO STRIKE**

    Defendants' motion to dismiss and motion to strike plaintiff's complaint came on for hearing before this court on January 25, 2006. Plaintiff Commodity Futures Trading Commission appeared through its counsel, Allison Lurton. Defendants Robert Joseph Beasley and Longboat Global Funds Management, LLC (collectively "defendants") appeared through their counsel, Robert S. Lawrence and David W. Porteous. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendants' motions, for the reasons stated at the hearing and summarized as follows.

    1.    The court finds that plaintiff's complaint properly alleges a claim pursuant to the anti-fraud provisions of the Commodity Exchange Act. See 7 U.S.C.A. § 60. Defendants attempt to analogize the Commodity Exchange Act to section 10(b) of the Securities Exchange Act, and challenge plaintiff's allegations on grounds that they do not identify a specific independent duty that applied to defendants, and amount to no more than an impermissible claim for breach of fiduciary duty. The court, however, finds the two Acts distinguishable from each other, and holds that plaintiff need not allege an independently

actionable duty to state a claim, and that plaintiff does not allege an uncovered claim for breach of fiduciary duty.  See, e.g., Commodity Futures Trading Comm'n v. Savage et al., 611 F.2d 270, 285 (9th Cir. 1980) (finding relevant provision of the Commodity Exchange Act to contain "much broader language" than the Securities Exchange Act that more generally prohibits any conduct that "operates as a fraud or deceit upon any client...").

2. To the extent that defendants seek to argue the truth or falsity of the allegations recited in plaintiff's complaint, or that the alleged misrepresentations and/or omissions alleged by plaintiff are immaterial as a matter of law, these arguments are improper on a 12(b)(6) motion to dismiss. Rather, they can and should be dealt with on a motion for summary judgment.

Accordingly, defendants' motion to dismiss, and in the alternative, defendants' motion to strike plaintiff's complaint, is DENIED.

**IT IS SO ORDERED.**

Dated: February 21, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge