**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COMMODITY FUTURES TRADING
COMMISSION

    Plaintiff,

    v.

ROBERT JOSEPH BEASLEY, et al.,

    Defendants.
_____/

No. C 05-2142 PJH

**ORDER GRANTING RECEIVER'S PETITION AND MOTION AND VACATING HEARING DATE**

Before this court is the temporary receiver's petition for instructions and motion for an order seeking transfer of receivership property. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS the motions for the reasons that follow.[1]

## BACKGROUND

This case involves the Commodity Exchange Act, which establishes a system for regulating the purchase and sale of commodity futures contracts, and options on commodity futures. See 7 U.S.C. §6o(1)(A) and (B). On May 25, 2005, plaintiff, the Commodity Futures Trading Commission (the "Commission"), sued defendants Joseph Beasley ("Beasley") and Longboat Global Funds Management ("Longboat") for violation of the Act. On August 19, 2005, the court entered a consent order, granting preliminary injunctive and other equitable relief. As part of that relief, the court appointed Robb Evans

---

[1] The court finds this motion appropriate for decision without oral argument as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the March 1, 2006 hearing date is hereby VACATED.

& Associates LLC ("REA") as temporary receiver.

Prior to the filing of the instant lawsuit, however – on October 15, 2004 – a group of four investor plaintiffs ("Illinois plaintiffs") sued Longboat, Beasley, and Piranha Capital (not a defendant in this action) in Illinois state court, alleging fraud and breach of contracts as a result of defendants' failure to honor certain requests for redemption totaling approximately $1.4 million. The Illinois plaintiffs sought and obtained an attachment order from the court – in the amount of a $1,000,000.00 asset held by Piranha – on October 27, 2004. Thereafter, defendants removed the case to the federal district court for the northern district of Illinois. Once in federal court, defendants moved to vacate the state court attachment order, but the federal court denied defendants' request.

REA now petitions this court for an order allowing petitioner to seek transfer of the $1,000,000 Piranha asset from the Illinois district court.

**DISCUSSION**

As the Ninth Circuit has recognized, "case law involving district court administration of an equity receivership ... is sparse and is usually limited to the facts of the particular case." See Securities & Exchange Comm'n v. Hardy, 803 F.2d 1034, 1037 (9th Cir. 1986). Nonetheless, the Ninth Circuit has enunciated two basic principles in dealing with equitable receiverships. First, that the district court "has broad powers and wide discretion to determine the appropriate relief in an equity receivership." See Securities & Exchange Comm'n v. Lincoln Thrift Ass'n, 577 F.2d 600, 606 (9th Cir. 1978). Second, that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." Hardy, 803 F.2d at 1038.

For the reasons below, the court finds that REA has made a sufficient showing to warrant an order granting it leave to seek the transfer of the Piranha asset at issue from the Illinois district court.

To begin with, the August 19 consent order entered by the court directed and authorized REA to do the following: take control and possession of all assets of Longboat

1  related to Piranha that are under Longboat's control, wherever situated; perform all acts
2  necessary to preserve those assets; and intervene in or become a party to any federal
3  action necessary to preserve the Longboat assets.  <u>See</u> Consent Order of Preliminary
4  Injunction and Other Equitable Relief, section D, ¶¶ B, C, G.  As the $1,000,000 Piranha LC
5  asset is held in an account which is purportedly under Longboat's control, REA would
6  appear to have the authority to assert control over this asset.  And since REA has been
7  entrusted with control over all Longboat's assets and accounts, and must properly take
8  account of, and report on, all such assets and accounts which may then form the basis for
9  any recovery issued to aggrieved investors in the instant case, REA's request to seek a
10  transfer of the asset is a good faith request.

11  Furthermore, although the Illinois plaintiffs argue that REA is improperly trying to
12  liquidate Piranha Capital's assets, this does not appear to be the case.  As REA points out,
13  the asset in question is already restrained under the Illinois court's order.  Accordingly,
14  REA's actions in seeking to take control of the asset cannot constitute any independent
15  liquidation of Piranha's assets.

16  Moreover, the interests of the Illinois plaintiffs as creditors can effectively be taken
17  into account by REA's proposal to hold the asset in trust, pending resolution of the Illinois
18  district court action.  In that event, if the plaintiffs there are successful, they can proceed to
19  recover against the receiver the funds in trust.

20  Most significantly, however, the court notes that REA merely seeks an order from
21  the court granting it leave to request a transfer of the property in question from the Illinois
22  district.  Thus, while all the reasons above may be persuasive in arguing for transfer, it is
23  the district court in Illinois, and not this court, that will ultimately decide the question of
24  transfer.  This eliminates any concerns raised by the Illinois plaintiffs about recognizing the
25  jurisdiction of a sister court.  The court here need only decide whether REA has sufficiently
26  shown that it should not be precluded from requesting the transfer in the first place.

27  Since the court finds that REA has successfully done so, REA's request is
28

3

1 | GRANTED.

3 | **IT IS SO ORDERED.**

4 | Dated: February 24, 2006

```
_____
PHYLLIS J. HAMILTON
United States District Judge
```