1  Allison Lurton, VA Bar No. 39029
   Gretchen Lowe, DC Bar No. 421995
2  Commodity Futures Trading Commission
   1155 21st St., NW
3  Washington, DC 20581
   202-418-5349 (Lurton)
   202-418-5370 (Lowe)
4  202-418-5538 (fax)
   alurton@cftc.gov
5

6

7                 United States District Court
                 Northern District of California
8                 San Francisco Division

9
   Commodity Futures Trading Commission,      )  Case No.: No. 05-2142 PJH
10                                             )
              Plaintiff,                       )  [Proposed] Consent Order of Permanent
11                                             )  Injunction, Appointment of Permanent
        vs.                                    )  Receiver and Ancillary Relief Against
12                                             )  Defendants
   Robert Joseph Beasley, Longboat Global      )
13                                             )
   Funds Management, LLC,                      )
14                                             )
              Defendants                       )
15 ────────────────────────────────────────── )

16

17     On May 25, 2005, plaintiff United States Commodity Futures Trading Commission

18  ("CFTC") filed a Complaint against Defendants Robert Joseph Beasley and Longboat Funds

19  Global Management, LLC (collectively "Defendants"), which was amended on October 3, 2005,

20  seeking injunctive and other ancillary relief for violations of the Commodity Exchange Act, as

21  amended (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2002), and the Regulations promulgated thereunder,

22  17 C.F.R. §§ 1 *et seq.* (2002). The Court entered a Consent Order of Preliminary Injunction on

    August 19, 2005.
23
                                          I.
24
                         CONSENTS AND AGREEMENTS
25
        To effect settlement of the matters alleged in the Amended Complaint against Defendants

Consent Order of Permanent Injunction and Other Ancillary Relief  -  1

without a trial on the merits or any further judicial proceedings, Defendants:

1.   Consent to the entry of this Consent Order of Permanent Injunction and Other Ancillary Relief Against Defendants ("Order");

2.   Affirm that Defendants have agreed to this Order voluntarily, and that no promise or threat has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than specifically set forth herein;

3.   Acknowledge service of the summons, Complaint and Amended Complaint;

4.   Admit jurisdiction of this Court over them and the subject matter of this action pursuant to §6c of the Act, 7 U.S.C. §13a-1;

5.   Admit venue properly lies with this Court pursuant to §6c of the Act, 7 U.S.C. §13a-1;

6.   Waive:     a) all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. §504 (2000) and 28 U.S.C. § 2412 (2000) relating to, or arising from, this action;

b) any claim of double jeopardy based on the institution of this proceeding or any order imposing civil monetary penalties or any other relief; and,

c) any rights of appeal from this Order;

7.   Consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purpose relevant to this matter;

8.   Agree that they will not oppose enforcement of the order on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objections based thereon;

9.   Neither admit nor deny the allegations of the Complaint and Amended Complaint, except as to jurisdiction and venue, which Defendants admit.  However, Defendants agree that the allegations of the Complaint and Amended Complaint shall be taken as true and correct and be given preclusive effect without further proof only for the purposes of enforcing this Order, any CFTC registration proceeding, or any subsequent bankruptcy proceeding filed by, on behalf of, or against Defendants for the purpose of determining whether the restitution obligation and/or other



1    payments ordered herein are excepted from discharge.  Defendants also shall provide immediate

2    notice of any bankruptcy filed by, on behalf of, or against them in the manner required by this

3    Order; and

4         10. Agree that neither they, nor any of their agents, servants, employees, contractors nor

5    attorneys shall take any action or make any public statements denying, directly or indirectly, any

6    allegation of the Complaint or Amended Complaint, or creating or tending to create the

     impression that the Complaint or Amended Complaint are without factual basis; provided
7
     however, that nothing in this provision affects Defendants' (i) testimonial obligations, or (ii) right
8
     to take legal positions in other proceedings to which the CFTC is not a party.  Defendants shall
9
     take all necessary steps to ensure that all of their agents, servants, employees, contractors and
10
     attorneys understand and comply with this agreement.
11

12
                                              **II.**
13                        **ORDER FOR PERMANENT INJUNCTION,**
                        <u>**RESTITUIONAND CIVIL MONETARY PENALTY**</u>
14
          NOW THEREFORE IT IS ORDERED THAT:
15
     A.   INJUNCTION
16
          1.    Defendants are permanently restrained, enjoined and prohibited from directly or
17
     indirectly employing any device, scheme, or artifice to defraud any client or participant or
18
     prospective client or participant and from engaging in any transaction, practice, or course of
19
     business which operates as a fraud or deceit upon any client or participant or prospective client
20
     or participant in conduct in violation of 4$\underline{o}$(1)(A) and (B) of the Act, 7 U.S.C. § 6$\underline{o}$(1)(A) and
21
     (B); including making material misrepresentations and failing to disclose material facts
22
     concerning the condition and security of commodity pool investments; and
23
          2.    Defendants are permanently prohibited from engaging, directly or indirectly, in
24
     any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the
25
     Act, , 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:



a.    trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

b.    engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

c.    soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest;

d.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004);

e.    entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and

f.    engaging in any business activities related to commodity interest trading.

3.    The injunctive provisions of this Consent Order shall be binding upon the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendants, and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with the Defendants.



B.    RESTITUTION

4.    Upon entry of this Order, Defendant Beasley is liable for and shall make restitution in the amount of $4,500,000, plus post-judgment interest, and Defendant Longboat is liable for and shall make restitution in the amount of $13,817.183.28, plus post-judgment interest. Amounts paid by Defendant Beasley shall be credited against the amount owed by Defendant Longboat. Post-judgment interest shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

5.    The Defendants' restitution obligations are payable to the Receiver in this case, Robb Evans and Associates. The Receiver shall propose to the Court a restitution plan for distribution of assets currently held in receivership, as well as any other assets that become available for distribution. The restitution plan shall identify the persons entitled to restitution, the amount each person is entitled to receive, a procedure for giving notice to investors, and the manner in which distribution shall be made.

6.    Pursuant to Rule 71 of the Federal Rules of Civil Procedure, Piranha and each pool participant of Piranha is explicitly made a third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of restitution which has not been paid by Defendants, to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

C.    CIVIL MONETARY PENALTIES

7.    Upon entry of this Order, pursuant to § 6c of the Act, 7 U.S.C. § 13a-1, Defendant Beasley is liable for and shall pay to the CFTC a civil monetary penalty of $500,000, plus post-judgment interest, and Defendant Longboat is liable for and shall pay to the CFTC a civil

monetary penalty of $1,000,000, plus post-judgment interest.  Post-judgment interest shall accrue

beginning on the date of entry of this Order and shall be determined by using the Treasury Bill

rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.  Defendants shall

pay such civil monetary penalties by electronic funds transfer, or by U.S. postal money order,

certified check, bank cashier's check, or bank money order, made payable to the Commodity

Futures Trading Commission, and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Marie Bateman-AMZ-300,
> DOT/FAA/MMAC
> 6500 S. Macarthur Blvd.
> Oklahoma City, OK  73169

If the payment is to be made by electronic funds transfer, the paying defendant shall contact

Marie Bateman at 405-954-6569 for instructions.  Defendant Beasley and Defendant Longboat

shall accompany the payment of their respective penalties with cover letters that identify the

paying defendant and the name and docket number of this proceeding.  The paying defendant

shall simultaneously transmit a copy of the cover letter and the form of payment to:  Office of

Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission,

at the following address:  1155 21st Street, NW, Washington, D.C.  20581.

D.     PARTIAL PAYMENTS

     8.     All sums collected from Defendants pursuant to this Order will first go toward

their restitution obligations and then toward their civil monetary penalties.  Any acceptance by

the Plaintiff of partial payment of Defendants' restitution obligations and/or civil monetary

penalties shall not be deemed a waiver of their respective requirement to make further payments

1   pursuant to this Order, or a waiver of the Plaintiff's right to seek to compel payment of any

2   remaining balance.

3   E.      COLLATERAL AGREEMENTS

4
5       9.      Defendants shall immediately notify the Commission if they make, or have

6   previously made, any agreement with any investor obligating him to make payments outside of

7   this Order. The Defendants shall also provide immediate evidence to the Court and the

8   Commission of any payments made pursuant to such agreement.

9   F.      TRANSFER OF ASSETS

10      10.      Defendants shall not transfer or cause others to transfer funds or other property to

11  the custody, possession, or control of any other person for the purpose of concealing such funds

12  from the Court, the Commission or any investor until the restitution amounts have been paid in

13  full.

14                                  III.

15                          __PERMANENT RECEIVER__

16  **IT IS FURTHER ORDERED THAT:**

17      Robb, Evans and Associates LLC, located at 11450 Sheldon Street, Sun Valley,

18  California 91352, is appointed permanent Receiver for Defendant Longboat and any of its

19  partners, affiliates or subsidiaries or related entities, solely with respect to matters involving

20  Piranha and Piranha Capital Investment (Bahamas) (hereinafter referred to as the "receivership

21  Defendants"), with the full powers of an equity receiver. The Receiver shall be the agent of this

22  Court in acting as Receiver under this Order. For the purposes of seeking the aid and recognition

23  of any court or judicial, regulatory or administrative body outside of the United States of

24  America, the Receiver shall act and be deemed to be the foreign representative of the

25  receivership Defendants.



## IV.

**IT IS FURTHER ORDERED THAT:**

The Receiver is directed and authorized to accomplish the following:

A.    Assume full control of the receivership Defendants by removing any director, officer, partner, independent contractor, employee, or agent of the receivership Defendants, from control and management of the affairs of the receivership Defendants.

B.    Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the receivership Defendants, wherever situated, including but not limited to materials located in Florida and Montana and with agents or bailees of Longboat or any of the funds operated or controlled by Longboat.  The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the receivership Defendants, including documents related to customers or clients whose interest are now held by or under the direction, possession, custody or control of the receivership Defendants.

C.    Take all steps necessary to secure the business premises of the receivership Defendants and any and all other premises under the control of the receivership Defendants, wherever situated.

D.    Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients.



E.  Prevent the withdrawal or misapplication of funds entrusted to the receivership Defendants, and otherwise protect the interests of customers or clients.

F.  Manage and administer the receivership Defendants by performing all acts incidental thereto that the receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations.

G.  Collect all money owed to the receivership Defendants.

H.  Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the receivership Defendants or to carry out his or her duties pursuant to this Order.

I.  Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.

J.  Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate.

K.  Open one or more bank accounts as designated depositories for funds of the receivership Defendants. The Receiver shall deposit all funds of the receivership Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.

L.  Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the receivership Defendants prior to the date of entry of

this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the receivership Defendants.

M.    Liquidate all assets of the receivership Defendants and hold such assets pending further order of the Court.

N.    Vacate the business premises occupied by the receivership Defendants and consolidate all records and other assets by moving assets and records currently located outside of this District to a secure facility maintained within this District.

## V.

**IT IS FURTHER ORDERED THAT:**

Upon service of this Order upon them, Defendants, and any other person or entity served with a copy of this Order, shall immediately, or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A.    Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the receivership Defendants.

B.    Possession and custody of documents of the receivership Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers.

C.    Possession and custody of all precious metals, other commodities, funds and other assets being held by or on behalf of the receivership Defendants or on behalf of the receivership Defendants' customers.



D.    All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the receivership Defendants, including but not limited to, access to the receivership Defendants' business premises, means of communication, accounts, computer systems, or other property.

E.    Information identifying the accounts, employees, properties or other assets or obligations of the receivership Defendants.

## VI.

**IT IS FURTHER ORDERED THAT:**

Defendants and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer or electronic files in any medium; and advising all persons who owe money to the receivership Defendants that all debts should be paid directly to the Receiver.

## VII.

**IT IS FURTHER ORDERED THAT:**

Except by leave of the Court, during the pendancy of the receivership ordered herein, the Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the receivership Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A.   Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations.

B.   Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the receivership Defendant or any property claimed by the receivership Defendants, or attempting to foreclose, forfeit, alter or terminate any of the receivership Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise.

C.   Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the receivership Defendants, or the Receiver, or any agent of the Receiver.

D.   Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the receivership Defendants.

This Part XII does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VIII.

**IT IS FURTHER ORDERED THAT:**

The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from

1  the assets now held by, or in the possession or control of, or which may be received by the

2  receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic

3  requests for the payment of such reasonable compensation, with the first such request filed no

4  more than sixty (60) days after the date of this Order.  The Receiver shall not increase the hourly

5  rates used as the bases for such fee applications without prior approval of the Court.

6  IX.

7  **MAINTENANCE OF AND ACCESS TO RECORDS**

8  **IT IS FURTHER ORDERED THAT:**

9  Defendants and all persons or entities who receive notice of this Order by personal

10  service or otherwise, are restrained and enjoined from directly or indirectly destroying,

11  mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly,

12  any documents that relate to the business practices or business or personal finances of any

13  Defendant.

14  X.

15

16  **IT IS FURTHER ORDERED THAT:**

17  Representatives of the Commission be immediately allowed to inspect the books, records,

18  and other documents of the Defendants and their agents including, but not limited to, paper

19  documents, electronically stored data, tape recordings, and computer discs, wherever they may

20  be situated and whether they are in the possession of the Defendants or others, and to copy said

21  documents, data and records, either on or off the premises where they may be situated.

22

23

24

25

Consent Order of Permanent Injunction and Other Ancillary Relief  -  13



## XI.

## MISCELLANEOUS PROVISIONS

1.      If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

2.      This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, to assure compliance with this Order and for all purposes related to this action.

3.      All notice required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to the Commission:

Allison Lurton
Gretchen L. Lowe
James Holl, III
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Telephone (202) 418-5000
Facsimile (202) 418-5538

4.      In the event that Defendant Beasley changes his residential or business telephone number(s) and/or address(es) at any time, he shall provide written notice of the new number(s) and/or address(es) to the Commission within ten calendar days thereof.

5.      Defendant Beasley warrants that he is a corporate representative of Defendant Longboat, that this Order has been duly authorized by Defendant Longboat, and that he has been duly empowered to sign and submit it on behalf of Defendant Longboat.

**SO ORDERED**, this ___27th___ day of __August__, 2007, at San Francisco, CA.



_____

HONORABLE PHYLLIS J. HAMILTON

UNITED STATES DISTRICT JUDGE

Consented to and
approved for entry by:

PLAINTIFF:

Allison P. Lurton, VA Bar No. 39029
Gretchen L. Lowe, DC Bar No. 407295
U.S. Commodity Futures Trading
Commission
1155 21st Street, NW
Washington, DC 20581
Telephone (202) 418-5000
Facsimile (202) 418-5538

ATTORNEYS FOR THE PLAINTIFF
U.S. COMMODITY FUTURES TRADING
COMMISSION

DEFENDANTS:

Robert Joseph Beasley, individually and on behalf
of Longboat Global Funds Management, LLC

Robert Lawrence
William Farmer
Attorneys for all Defendants
Collette, Erickson, Farmer & O'Neill, LLP
235 Pine Street, Suite 1300
San Francisco, CA 94104